NELSON H. SALISBURY, RESPONDENT, v. JOHN F. STINSON, APPELLANT.

*Complaint for goods sold — Non-payment of claim — need not be alleged — demurrer.*

A complaint alleging that the plaintiff "sold and delivered to the defendant certain goods of the value, and for which the defendant agreed to pay $164.68," is sufficient, and it is not necessary to allege that the demand has not been paid, or that it remains due and unpaid at the time of commencing the action.

APPEAL from an order made at Special Term, overruling as frivolous a demurrer interposed to the complaint.

*Albert Roberts*, for the appellant.

*Jeroloman & Arrowsmith* for the respondent.

DAVIS, P. J.:

The count of the complaint demurred to in this case alleges " that heretofore, and on and between May 12, and May 20, 1873, one Edward MacDavis sold and delivered to the above-named defendant certain goods of the value, and for which the defendant agreed to

pay the sum of $164.68." It then alleges an assignment of the account to the plaintiff, and judgment is demanded for the above sum, with interest.

The defendant demurred, on the ground " that the complaint, as to the first alleged cause of action, does not state facts sufficient to constitute a cause of action."

The point urged under this demurrer is, that the count does not allege that the demand has not been paid, or that it remains due and unpaid. The count, however, contains every fact necessary to be proved on the trial, to wit : a sale and delivery of the goods to the defendant, an agreement to pay a stipulated price therefor, and an assignment to plaintiff. Proof of these facts would entitle plaintiff to a verdict without giving affirmative evidence that the price agreed upon had not been paid. Under the Code this is sufficient. "A plain, concise statement of facts, constituting a cause of action without unnecessary repetition," is all that is required. (Code, § 142.) This means only the facts necessary to be proved by plaintiff, and upon proof of which he is entitled to judgment. Under the former practice, the complaint would probably have been bad on special demurrer for not alleging a breach, but under the present system, when the breach is presumed on proof of the facts alleged, it is only necessary to aver the facts, although the averment of non-payment, or that the sum remains due and unpaid, in such a case as this, is the usual and more complete form of pleading. Upon the facts stated, the debt is due presently, and no demand is necessary ; and there is no necessity to allege that it has become payable by lapse of time. Payment is an affirmative defense, and should be alleged and proved by the defendant.

The order should therefore be affirmed, with costs.

BRADY and DANIELS, JJ., concurred.

Order affirmed, with costs and disbursements.